UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHARLES GIVENS-KEEFER,
        Plaintiff,

    -v-

AMERICAN EXPRESS COMPANY, *et al.*,
        Defendants.

18-CV-4164 (JPO)

ORDER

---

J. PAUL OETKEN, District Judge:

  On May 8, 2018, Plaintiff Charles Givens-Keefer sued Defendants American Express Company, American Express Travel Related Services, Inc., Susan A. Zhang, and Danielle Wallace, asserting federal and state employment discrimination claims. (*See* Dkt. No. 2.) On November 16, 2020, the Court granted the Defendants' motion to compel arbitration. (*See* Dkt. No. 62.) Then, this year, on August 2, 2022, the Court received a letter from Defendants, informing it that the arbitrator had dismissed Plaintiff's claims with prejudice for failure to prosecute. (*See* Dkt. No. 68.) The next day, the Court entered an order acknowledging receipt of the Defendants' letter and stating that "[a]ny motion regarding the arbitration award" must be filed within 21 days. (*See* Dkt. No. 69.) Since then, Plaintiff has not moved to vacate the arbitration award or submitted any other filing. The underlying arbitration award appears to be valid under the applicable law.

  Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action "if the plaintiff fails to prosecute or to comply with the rules or a court order." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014). It is settled that Rule 41(b) "gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). Dismissal is appropriate here. Plaintiff was "given

notice that further delay would result in dismissal," *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004), and there is prejudice where Plaintiff has caused an "unreasonable delay." *Lesane*, 239 F.3d at 210.  As the arbitration award dismissed Plaintiff's claims with prejudice, and Plaintiff has not sought to vacate that award, Plaintiff's claims here must also be dismissed with prejudice.

Accordingly, this action is hereby dismissed with prejudice.

The Clerk of Court is directed to close this case.

The Clerk is also directed to mail a copy of this order to the pro se Plaintiff.

SO ORDERED.

Dated: December 8, 2022
       New York, New York

_____
                    J. PAUL OETKEN
                    United States District Judge